IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Eugene Tresevant,<br><br>          Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-09-01255-PHX-ROS (MHB)<br><br>**ORDER** |

On June 14, 2010, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R") (Doc. 12) recommending that Petitioner's petition for writ of habeas corpus be denied. Petitioner filed objections. (Doc. 15). Having considered those objections, the Court will adopt the R&R for the reasons below.

### **BACKGROUND**[1]

On February 25, 2005, Petitioner was indicted on three felony counts of Sexual Conduct with a Minor, class 2 felonies and dangerous crimes against children. (Doc. 11 at Exhibit C). On May 18, 2005, Petitioner entered into a plea agreement in which he pled guilty to Count One of the Indictment, and Counts Two and Three as amended to Attempted Sexual Conduct with a Minor, class three felonies and dangerous crimes against children in the second degree. (Doc. 11 at Exhibit D). Count One carried a presumptive sentence of 20

---

[1] The R&R contains a more detailed recital of the factual background. (Doc. 12).

1  years, with a minimum of 13 years and a maximum of 27 years in prison. (Id.). Counts Two
2  and Three carried presumptive sentences of 10 years, with a minimum of 5 years and a
3  maximum of 15 years. (Id.). Probation was available only on Counts Two and Three. (Id.).
4  Under the plea agreement, Petitioner stipulated to be sentenced on Count One and placed on
5  lifetime probation on Counts Two and Three. (Doc. 11 at Exhibit D). Petitioner initialed all
6  of the paragraphs of the plea agreement and signed the plea agreement, stating he "personally
7  and voluntarily placed [his] initials in each of the above boxes and signed the signature line
8  below to indicate [he] read and approved all of the previous paragraphs in th[e] agreement."
9  (Id.). On July 11, 2005, Petitioner was sentenced to 27 years in prison on Count One, and
10 lifetime probation on Counts Two and Three to commence upon his release from prison.
11 (Doc. 11 at Exhibit E).

12       Petitioner filed a Notice of Post-Conviction Relief ("PCR") on August 12, 2005, and
13 a *pro per* petition for PCR on January 4, 2006. (Doc. 11 at Exhibits G and F). In the PCR,
14 Petitioner asserted two arguments: an unlawfully induced plea of guilty or no contest; and
15 cruel and unusual punishment. (Doc. 11 at Exhibit F, at 3). Petitioner cited no facts for
16 either claim and also cited no law in support of his claim for unlawfully induced plea. (Doc.
17 11 at Exhibit G, at 3, 6). The Superior Court of Arizona for Maricopa County (the "trial
18 court") considered the petition, response and reply, and denied relief. (Doc. 11 at Exhibit J).
19 Petitioner did not file a petition for review of the trial court's decision to the Arizona Court
20 of Appeals. On March 14, 2008, Petitioner filed a second, untimely notice of PCR, which
21 the trial court also denied. (Doc. 11 at Exhibits K, L).

22       On June 10, 2009, Petitioner filed the instant petition for writ of habeas corpus (the
23 "Petition"). (Doc. 1). The Petition asserts claims under the First, Fifth, Sixth and Fourteenth
24 Amendments. Respondents filed a Response, arguing that the Petition is untimely under the
25 1-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act
26 of 1996 ("AEDPA"), and that Petitioner's claims fail on their merits. Magistrate Judge Burns
27 recommended the petition be dismissed with prejudice.
28

# ANALYSIS

## I. Standard of Review

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all unobjected to portions. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003).

## II. Petitioner's Habeas Petition is Untimely

Under the AEDPA, a state prisoner must file a federal petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *see also Lott*, 304 F.3d at 920. Post-conviction review is pending once a notice of PCR is filed even though the petition is not filed at that time. *Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). Petitioner filed his notice of PCR on August 12, 2005, which was dismissed on March 20, 2006. Petitioner had 30 days from the March 20, 2006 dismissal to seek review in the Arizona Court of Appeals. Ariz. R. Crim. P. 32.9(c). Thus, Petitioner was required to file his habeas petition on or before April 19, 2007. Petitioner did not file his habeas petition until June 10, 2009. (Doc. 1).

Petitioner's second PCR filed in March 2008 was filed after the statute of limitations

- 3 -

expired and, therefore, did not toll the limitations period. "[S]ection 2244(d) does not permit the re-initiation of the [federal one-year] limitations period that has ended before the state petition was filed." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Further, the second PCR was not "properly filed" and therefore did not toll the time that the petition was pending. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

Petitioner also cannot prevail on the equitable tolling doctrine. Equitable tolling is appropriate "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) overruled on other grounds, 163 F.3d 530 (9th Cir. 1998) (requiring defendant diligently pursue his claim). Petitioner bears the burden of establishing he was diligent in pursuing his rights and extraordinary circumstances stood in his way. *Pace*, 544 U.S. at 418; *United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999). Petitioner has failed to meet this burden. Equitable tolling is rarely applied, and "the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than . . . merely 'oversight, miscalculation or negligence'" by Petitioner. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1101 (9th Cir. 2009). *Pro se* status or unfamiliarity with the law, by itself, does not constitute grounds for equitable tolling under 28 U.S.C. § 2244(d). *Waldron-Ramsey*, 556 F.3d at 1013 n.4; *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner alleges the AEDPA's title is misleading where the petitioner "is not a terrorist nor is his conviction a capital offense," (Doc. 1, at 11), and there was "[n]o memo" about the AEDPA at the prison law library to provide "legal notification" of the AEDPA. While "the unavailability of a copy of the AEDPA . . . could be grounds for statutory tolling under the 'state-created impediment' provision, see 28 U.S.C. § 2244(d)(1)(B)," *Mendoza v. Carey*, 449 F.3d 1065, 69 (9th Cir. 2005) (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)), Petitioner does not allege the prison law library did not

1  contain any reference to the AEDPA. Indeed, Petitioner cites to AEDPA provisions. As
2  such, there is no "state-created" impediment.

3  Further, Petitioner did not act diligently pursuing his claims. Nearly a year–359
4  days–lapsed between the trial court dismissing the first Rule 32 proceeding and Petitioner
5  filing his second PCR. Over a year–394 days–lapsed between the Arizona Court of Appeals
6  denying review of the trial court's dismissal of the second PCR and Petitioner filing his
7  habeas petition. As such, Petitioner's habeas petition is untimely under the AEDPA. *See*
8  *Pace*, 544 U.S. at 419 (denying equitable tolling due to petitioner's lack of diligence).

9  As stated above, Petitioner filed objections to the R&R. Only one of those objections,
10 however, addresses the statute of limitations issue. As such, the remaining objections are not
11 relevant to this Order and do not address issues in the R&R. Petitioner objects to the R&R
12 on the basis that equitable tolling should apply because he was abused as a child and such
13 victimization causes individuals to abuse alcohol and drugs. (Doc. 15, at 7). Petitioner then
14 submits a copy of the State's Allegation of Historical Priors dated April 15, 2005, prior to
15 sentencing. (Doc. 15, at 26-27). To the extent Petitioner is making a substantive argument
16 about the appropriate application of historical priors, that argument is untimely for the
17 reasons stated above. To the extent Petitioner is arguing prior sexual and substance abuse
18 prevented him from filing his habeas petition within the statute of limitations, the argument
19 fails.

20 Even assuming Petitioner could establish a mental or physical disability resulting from
21 such childhood abuse, "Petitioner has not shown (or presented enough evidence to require
22 an evidentiary hearing to determine) that his mental and physical problems prevented him
23 from filing his petition on time." *Corral v. Evans*, Slip Op. No. C 07-05383 SBA PR, 2010
24 WL 1267778 *3 (N.D. Cal. Mar. 31, 2010). "[A] showing of mental illness (or physical
25 disabilities) alone will not necessarily toll the limitation period. Most mental illnesses and
26 physical disabilities are treatable, and with proper treatment many, if not most, sufferers are
27 capable of managing their own affairs. . . . The Court will not stereotype all petitioners
28 diagnosed with a mental illness or a physical disability–especially those who are treated with

medication–as inherently and endlessly incompetent." *Id.* In fact, Petitioner has demonstrated his ability to manage his own affairs by, among other things, filing a Notice of Post-Conviction Relief ("PCR") on August 12, 2005, and a *pro per* petition for PCR on January 4, 2006 (Doc. 11 at Exhibits G and F), as well as subsequent filings including this habeas petition. *Corral*, 2010 WL 1267778 *3 (no equitable tolling where petitioner who filed untimely habeas petition provided the court with "no indication that his mental/physical health status has changed" from the time before the statute of limitations period ran).

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 12) is **ADOPTED IN FULL**. The petition (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 1st day of December, 2010.

_____
Roslyn O. Silver
United States District Judge